## J. S. BLOODSWORTH v. STATE.

No. A-5673.   Opinion Filed Feb. 18, 1927.
(253 Pac. 107.)

Bond & Bond, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. Appellant was convicted on a charge of unlawfully manufacturing intoxicating liquor, to wit, whisky, and his punishment submitted to the court. Motion for new trial was filed, overruled, and appellant was sentenced to confinement in the county jail for 30 days and to pay fine of $50.

Appellant's chief contention is that the verdict is not justified by the evidence. E. R. Young, sheriff, testified that with C. N. Coker, he visited appellant's premises, under authority of a search warrant and made a search. We quote from his testimony:

"We found a little whisky, about a quart and a half, in the cow lot; we found a barrel that had been used, in the hog lot, where they had been making some whisky. There was a pit or hole where they had been cooking it off, and a little northwest of there was a little still. When we started away, appellant said he might as well plead guilty."

C. N. Coker testified:

"We found where they had cooked off some whisky down at the hog pen.

"Mr. Bloodsworth took us out in the corn patch, where we found a part of a worm and a still."

Appellant took the stand, and testified that Sheriff Young and Mr. Coker came into the yard; stated they had a search warrant; that he told them to go ahead and search, and told them that there was a still in the hog

pasture, and he took them to it, telling them that he did not know who it belonged to; that he wanted it taken away from his place; that a man came there and left the outfit in the pasture the day before, saying that he would take it away Monday morning; that the man gave him something like half a gallon of whisky; that was found by the officers out in the cow lot; that he left it there, because his wife would not let him take it into the house; that he never did manufacture whisky, and had never before been arrested.

From the foregoing summary it is plain that the verdict is supported by substantial evidence.

It is the province of the jury in a criminal case to try the issue joined by a plea of not guilty, and if the evidence of the state, uncontradicted, will support a conviction, this court will not ordinarily interfere with the verdict rendered against the defendant.

The record presents no error. The judgment is therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.